IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

RANDY COOPER,

     **Plaintiff,**

v.                                   **CIVIL ACTION NO. 5:05-0177**

JIM RUBENSTEIN,

     **Defendant.**


MEMORANDUM OPINION AND JUDGMENT ORDER

By Standing Order entered on July 21, 2004, and filed in this case on March 9, 2005, this matter was referred to United States Magistrate Judge R. Clarke VanDervort.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the Standing Order directs Magistrate Judge VanDervort to submit proposed findings and recommendation concerning the disposition of this matter.  Magistrate Judge VanDervort submitted his Proposed Findings and Recommendation on June 1, 2005, and proposed that this court (1) confirm and accept the Magistrate Judge's findings contained within his Proposed Findings and Recommendation, (2) deny plaintiff's application to proceed *in forma pauperis* (Docket No. 4), (3) dismiss this case with prejudice, and (4) direct the Clerk to remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Proposed Findings and Recommendation.  Plaintiff filed objections in a

timely fashion.   In his objections, plaintiff stated that his case is not frivolous or malicious, and that he should be allowed to proceed without paying a filing fee because he has had a wire implanted in his neck that allows prison authorities to control his movements and erase his memories, and that prison authorities are currently holding him hostage.  (See Docket No. 7 at 2.)

This court need not conduct a de novo review when a petitioner "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  These objections are "general and conclusory" as discussed in Orpiano in that they do not direct the district court to any specific errors in the Proposed Findings and Recommendations and instead only restate arguments contained in petitioner's earlier pleadings.  See 687 F.2d at 47.  Indeed, the objections drum home the point stressed by the magistrate judge: plaintiff is exactly the sort of frequent filer whom Congress intended to deal with when it passed 28 U.S.C. § 1915(g).

Further, plaintiff does not appear to be in any imminent danger.  In his objections, plaintiff alleges that prison authorities implanted the wire as of September 8, 1999.  (See Docket No. 7 at 1.)  Plaintiff alleges that he is watched, that his movements are monitored by prison authorities, and that the implanted wire allows prison authorities to intercept his thoughts and movements.  (Id. at 2.)  None of these allegations satisfies

-2-

plaintiff's burden of showing that he is in imminent danger of physical injury.

Having reviewed the Findings and Recommendation filed by Magistrate Judge VanDervort, the court (1) CONFIRMS and ACCEPTS the factual and legal analysis within the magistrate judge's Proposed Findings and Recommendation, (2) DENIES plaintiff's application to proceed *in forma pauperis* (Docket No. 4), and (3) DISMISSES this case with prejudice.

The Clerk is directed to remove this action from the active docket of this court.  The Clerk is further directed to forward a certified copy of this Judgment Order to all counsel of record and the plaintiff, pro se.

IT IS SO ORDERED this 1st day of February, 2006.

ENTER:

David A. Faber
United States District Judge